IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| GERBER PRODUCTS COMPANY<br>d/b/a NESTLÉ INFANT NUTRITION<br>12 Vreeland Road<br>Florham Park, NJ 07932-0697 | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. _____ |
| TOM VILSACK,<br>in his official capacity as<br>SECRETARY OF AGRICULTURE,<br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br>1400 Independence Avenue, S.W.<br>Washington, DC  20250 | ) ) ) ) ) ) ) ) | |
| AUDREY ROWE,<br>in her official capacity as<br>ADMINISTRATOR,<br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br>Food and Nutrition Service<br>3101 Park Center Drive<br>Alexandria, VA 22302 | ) ) ) ) ) ) ) ) ) | |
| KEVIN CONCANNON,<br>in his official capacity as<br>UNDERSECRETARY FOR FOOD,<br>NUTRITION AND CONSUMER<br>SERVICES, UNITED STATES<br>DEPARTMENT OF AGRICULTURE<br>1400 Independence Avenue, S.W.<br>Washington, DC 20250 | ) ) ) ) ) ) ) ) ) | |
| MARISSA J. LEVINE,<br>in her official capacity as<br>STATE HEALTH COMMISSIONER,<br>VIRGINIA DEPARTMENT OF HEALTH<br>109 Governor Street, 9th Floor<br>Richmond, VA 23219 | ) ) ) ) ) ) ) | |

MICHAEL WELCH, )
in his official capacity as )
DIRECTOR, )
COMMONWEALTH OF VIRGINIA )
VIRGINIA DEPARTMENT OF HEALTH )
109 Governor Street, 9th Floor )
Richmond, VA 23219 )
)
STEVEN VONCANON, )
in his official capacity as )
DIRECTOR, )
OFFICE OF PURCHASING AND GENERAL )
SERVICES, )
VIRGINIA DEPARTMENT OF HEALTH )
109 Governor Street, 9th Floor )
Richmond, VA 23219 )
)
DAVID JESSE HUERTAS, )
in his official capacity as )
PROCUREMENT OFFICER II, )
OFFICE OF PURCHASING AND )
GENERAL SERVICES, )
VIRGINIA DEPARTMENT OF HEALTH )
James Madison Building )
109 Governor Street )
Richmond, VA 23219 )
)
                    Defendants. )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT, MANDAMUS AND INJUNCTIVE RELIEF

Plaintiff Gerber Products Company d/b/a Gerber Infant Nutrition ("Gerber" or "Nestlé"),

by counsel, states the following for its Complaint against Defendants Tom Vilsack in his official

capacity as United States Department of Agriculture ("USDA") Secretary; Audrey Rowe in her

official capacity as USDA Food and Nutrition Service ("FNS") Administrator; Kevin Concannon

in his official capacity as USDA Undersecretary for Food, Nutrition and Consumer Services;

Marissa Levine in her official capacity as State Health Commissioner, Virginia Department of

Health ("VDH"); Michael Welch in his official capacity as Director VDH; David Jesse Huertas

in his official capacity as Procurement Officer II, Office of Purchasing and General Services, VDH (collectively "Defendants").

## NATURE OF THE CASE

1.      This is an action under the Administrative Procedures Act ("APA") seeking a declaratory judgment, mandamus and injunctive relief ordering the Defendants to comply with applicable federal regulations.  An agency abuses its discretion when it fails to follow its own regulations and procedures.  The USDA has arbitrarily failed to follow its own regulations and is treating similar situations differently without a reasonable basis.  The Virginia procurement was conducted under the federal Women, Infants and Children ("WIC") program administered by the USDA FNS.  The USDA has acted in an arbitrary and disparate fashion with regard to the procurement conducted by Virginia.  Further, the Virginia Defendants have failed to act in accordance with federal regulations by allowing the USDA to usurp Virginia's designated role under the governing USDA WIC regulations.

2.      On February 8, 2016, Virginia issued Invitation for Bid ("IFB") No. VDH-16-747-0121.  In response to the Virginia solicitation, Gerber submitted a responsive bid that fully met all solicitation requirements.  In March 2016, as part of the procurement process, the bid price of Gerber and the other competitors were publicly disclosed.  After bid opening where Gerber was the low priced, responsive and responsible bidder, Virginia determined to award to Gerber.

3.      In response to allegations raised by a Gerber competitor after bid opening and after publicly issuing its notice of intent to award to Gerber, Virginia contacted the USDA who directed Virginia to cancel the procurement and re-solicit because, according to USDA, the Virginia IFB package was "missing data."

4. There was no material "missing data," however. The Virginia IFB provided more information than is typically provided to bidders for WIC infant formula rebate contracts in other States and the data provided exceeded the USDA's minimum six-month data requirement set forth in the USDA's WIC Program regulations. Moreover, following normal practice, the USDA had reviewed the Virginia solicitation before its release and did not raise objections about any alleged "missing data."

5. Documents produced by VDH in response to a Freedom of Information Act ("FOIA") request show that VDH cancelled the procurement based on direction from USDA after VDH had already concluded that its procurement met requirements and that VDH would deny a bid protest from Gerber competitor Abbott Nutrition ("Abbott"). USDA's direction was contrary to USDA's own regulations.

6. Other State WIC procurements, such as those in Illinois, Pennsylvania, New Jersey and Colorado, have been structured similar to the Virginia procurement in that the total number of infants receiving routine formulas were not transferred to the bid sheet. It would be inconsistent treatment of bid awards for USDA to direct cancellation of the Virginia procurement but not the others.

7. On April 20, 2016, Gerber filed a State bid protest challenging Virginia's actions. In its protest, although Gerber protested Virginia's actions in accordance with the Virginia bid protest procedures, Gerber reserved its rights to pursue relief in federal court given USDA's apparent usurpation and interference with Virginia's role under the USDA WIC regulations.

8. On May 2, 2016, Virginia denied Gerber's State protest, but failed to address many substantive issues, including USDA's improper direction.

9. On May 9, 2016, Gerber filed a supplemental protest based on documents produced by the VDH under FOIA on April 29 and May 3, 2016. The documents provided

further evidence that the cancellation was directed by USDA for the purpose of excluding Gerber, contrary to the applicable regulation.  Gerber attached to its May 9, 2016 supplemental protest spreadsheets showing that the VDH and USDA were misled by a protest filed by Gerber's competitor, Abbott.

10.     As shown in the spreadsheets attached to Gerber's May 9, 2016 supplemental protest, using the federally-mandated method with the detailed data provided by Virginia WIC, and adding the missing data Abbott claimed should have been included, Gerber would still remain the lowest bidder.  As a result, a re-solicitation of the IFB would effectively reward Abbott for the misleading actions it has taken.  Gerber showed that any re-bid would only further violate the WIC procurement regulations.  Given the foregoing, the agency actions in denying Gerber's April 20 and May 9 protests and in rescinding the decision to award to Gerber were arbitrary, capricious and otherwise contrary to the applicable federal regulations governing the WIC Program and to the Virginia Public Procurement Act ("VPPA").

11.     On August 1, 2016, VDH re-issued the solicitation with a bid due date of August 31, 2016.  Gerber remains the low bidder even when the quantities in the new solicitation are applied to the original bid prices.  This demonstrates the improper and illusory nature of the new solicitation and the harm to Gerber since Gerber's competitors now know Gerber's prices.

12.     Gerber has requested that VDH stay or suspend the bid due date pending Court action to maintain the status quo.  To date, VDH has not declined to stay or suspend.

13.     The actions of the USDA are arbitrary and inconsistent and reflect disparate treatment and require the USDA to arbitrarily treat similar situations differently.  The USDA and Virginia have violated the APA and USDA regulations to material prejudice of Gerber.

14.     USDA regulations provide the State WIC infant formula rebate procurements shall be conducted by State agencies without recourse to the USDA.  See 7 C.F.R. § 246.24(b).

But for USDA's improper interference in the Virginia procurement, Gerber would have received award.  Gerber was the low price, responsive and responsible bidder in response to the Virginia solicitation.  But for Virginia's improper rescission of the notice of intent to award to Gerber and cancellation of the procurement in response to USDA's direction, Gerber would have received award.

15.     The harm to Gerber is all the more severe because its bid price has been revealed to its competitors and those competitors will use that knowledge against Gerber when bidding on the re-solicitation that is due on August 31, 2016.  Any new competition would be unfair, inequitable and contrary to law.  Absent injunctive relief, that significant irreparable harm to Gerber cannot be undone.  Any re-solicitation will cause immediate irreparable harm to Gerber since Gerber will be deprived of its lawful contract, will lose revenue and profits associated with the Virginia WIC contract, will lose the continued experience it would have gained but for being deprived of the Virginia WIC contract, and will suffer reputational harm by being deprived of the opportunity to perform the Virginia WIC contract.

16.     Gerber is further materially prejudiced by the substantial uncertainty associated with USDA's actions.  The USDA's actions with regard to Virginia and other state WIC procurements cannot be reconciled.  The Virginia IFB included more complete and current data than is required under the regulations and that has been included in other recent state WIC procurements, yet the USDA somehow determined that there was data missing only in Virginia. The conflicting direction to Virginia leaves in place other State WIC procurements with material flaws under USDA's newly announced ad hoc standards.  USDA and the Virginia Defendants' actions are unduly restrictive, anti-competitive and contrary to the applicable statutes, regulations and fundamental public contract principles.

17.     In the alternative, the VDH actions were contrary to the VDH and federal WIC regulations and were the result of arbitrary and disparate agency action.  USDA apparently directed VDH to reverse VDH's reasonable interpretation of the applicable WIC regulations and to rescind the notice of intent to award and cancel the IFB based on action inconsistent with the USDA's actions as to other states' procurements.  After appropriately receiving USDA's feedback and approval pre-bid opening, VDH properly conducted this procurement.  After receiving Abbott's protest, VDH prepared a draft letter to Abbott denying the Abbott protest.  The draft letter was signed by the VDH Procurement Officer but not sent.  Subsequently, after the USDA reviewed Abbott's protest and misleading data, the USDA determined VDH needed to redo the Virginia procurement.  Not only does this post-bid opening action result in extreme prejudice to Gerber in any re-compete in Virginia because its low bid price has been revealed to its competitors, but it also leads to disparate treatment in other State WIC procurements where the USDA has not required as much data as was already included in the Virginia WIC procurement.

18.     The Court should give heightened scrutiny to VDH's actions in rescinding the notice of intent to award, canceling the IFB and re-soliciting after disclosure of Gerber's low price and the competitive bid prices of other bidders.  The integrity of the procurement process is impaired when bidders are given a second chance to bid where the low bid has been publicly disclosed.  The competition and anti-trust rules were enacted to ensure that bidders on a public procurement can compete without fear that their bids will be disclosed to competitors before bids are publicly opened and to ensure that the award process is competitive and free from abuse. The anti-competitive nature of such action cannot be countenanced in a public procurement system committed to fair and honest competitive procurements.

## THE PARTIES

17.     Plaintiff Gerber is a corporation organized under the laws of the State of Virginia with its principal place of business at 12 Vreeland Road, Florham Park, New Jersey 07932-0697.

18.     The USDA Defendants are employees of USDA, which has its principal office at 1400 Independence Avenue, S.W., Washington, DC 20250.  USDA is a federal agency that oversees the WIC Program in all fifty States, the District of Columbia, thirty-four Indian Tribal Organizations, and five territories (Guam, the U.S. Virgin Islands, American Samoa, the Commonwealth of Puerto Rico, and the Commonwealth of the Northern Mariana Islands).

19.     Defendant Tom Vilsack is Secretary of the USDA and is being sued here in his official capacity.  As Secretary, Mr. Vilsack has responsibility for the activities of the USDA, including those actions complained of in this complaint.  Secretary Vilsack maintains an office at 1400 Independence Avenue, S.W., Washington, DC 20250.

20.     Defendant Audrey Rowe is Administrator, USDA FNS and is being sued here in her official capacity.  USDA FNS has its principal office at 3101 Park Center Drive, Alexandria, VA 22302.  FNS is an agency within the USDA that helps oversee the WIC Program in all fifty States, the District of Columbia, thirty-four Indian Tribal Organizations, and five territories (Guam, the U.S. Virgin Islands, American Samoa, the Commonwealth of Puerto Rico, and the Commonwealth of the Northern Mariana Islands).

21.     As Administrator, Ms. Rowe has responsibility for the activities of the USDA, including those actions complained of in this complaint.  Administrator Rowe maintains an office at 3101 Park Center Drive, Alexandria, VA 22302.

22.     Defendant Kevin Concannon is Undersecretary USDA FNS, and is being sued here in his official capacity.  As Undersecretary, Mr. Concannon has responsibility for the

activities of the USDA, including those actions complained of in this complaint.  Undersecretary

Concannon maintains an office at 1400 Independence Avenue, S.W., Washington, DC 20250.

23.     Defendant Marissa J. Levine is the State Health Commissioner for the Virginia

Department of Health ("VDH") and is being sued here in her official capacity.  As the State

Health Commissioner for VDH, Dr. Levine has responsibility for the activities of the VDH,

including those complained of in this complaint.  Dr. Levine maintains an office at 109 Governor

Street, 9th Floor, Richmond, VA 23219.

24.     Defendant Michael Welch is the Director VDH and is being sued here in his

official capacity.  As the Director for VDH, Mr. Welch has responsibility for the activities of the

VDH, including those complained of in this complaint.  Mr. Welch maintains an office at 109

Governor Street, 9th Floor, Richmond, VA 23219.

25.     Defendant Steven VonCanon is the Director, Office of Purchasing and General

Services, VDH and is being sued here in his official capacity.  As the Director for the Office of

Purchasing and General Services for VDH, Mr. VonCanon has responsibility for the activities of

the VDH, including those complained of in this complaint.  Mr. VonCanon maintains an office at

109 Governor Street, 9th Floor, Richmond, VA 23219.

26.     Defendant David Jesse Huertas is the Procurement Officer II, Office of

Purchasing and General Services, VDH and is being sued here in his official capacity.  As the

Procurement Officer II, Office of Purchasing and General Services for VDH Mr. Huertas is the

procurement official who solicited IFB No. VDH-16-707-0121 for the VDH, notified Gerber of

its intent to award the IFB to Gerber, subsequently cancelled the award to Gerber at the direction

of the USDA's FNS and notified Gerber of VDH's intent to re-solicit based on direction from

USDA.  Mr. Huertas maintains an office at 109 Governor Street, Richmond, VA 23219.

## JURISDICTION, VENUE, STANDING

27.     This Court has jurisdiction over actions arising under the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court has the authority to grant the relief requested by Gerber under the APA, 5 U.S.C. §§ 701-706 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  Further, this Court has jurisdiction under the "Mandamus Act", 28 U.S.C. § 1361, that grants federal district courts the power to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

28.     Venue is proper in this Court under 28 U.S.C. § 1391(e) because at least one Defendant in this action resides in this judicial district, and because a substantial part of the events giving rise to Gerber's claims occurred in this judicial district.

29.     Gerber has standing under the APA because it has suffered "a legal wrong because of agency action," 5 U.S.C. § 702, and there has been a "final agency action," 5 U.S.C. § 704.

## BACKGROUND

### A.     The Federal WIC Program

30.     The Child Nutrition Act of 1966, 42 U.S.C. §§ 1771-93, was passed to expand efforts to safeguard the health and well-being of the Nation's children and to encourage consumption of agricultural and other foods, by assisting the States, through grants-in-aid and other means to more effectively meet the nutritional needs of the Nation's children.  Applicable here is 42 U.S.C. § 1786 for the special supplemental nutrition program for women, infants and children.

31.     Section 1786 was enacted to help combat the special risk Congress found for substantial numbers of pregnant, postpartum, and breastfeeding women, infants and young children from families with inadequate income.

32.     Congress found these groups at risk with respect to their physical and mental health by reason of inadequate nutrition or health care, or both.  Congress determined to authorize supplemental foods and nutritional education, including breastfeeding promotion and support, through any eligible local agency that applies for participation in the program.

33.     WIC is a federal-state nutrition and health assistance program for low-income childbearing women, infants and young children.  The program provides participants with food benefits delivered through a food instrument system identifying specific amounts and types of foods that participants can generally buy at local grocery stores.

34.     WIC is administered at the Federal level by the USDA FNS.  Through the USDA, the program provides grants for supplemental foods, nutrition services, and administration to ninety WIC State agencies, including all fifty States, the District of Columbia, thirty-four Indian Tribal Organizations, and five territories (Guam, the U.S. Virgin Islands, American Samoa, the Commonwealth of Puerto Rico, and the Commonwealth of the Northern Mariana Islands).

**B.      Administration of the Virginia WIC Program**

35.     The Virginia WIC program is 100% federally funded through the USDA and is administered by the Division of Community Nutrition within the VDH.  In accordance with the USDA mission, the Virginia WIC program provides supplemental food and nutrition education to breastfeeding women, pregnant and postpartum women, infants up to age one, and children up to age five.  The Virginia WIC program services help reduce and prevent the occurrence of health and nutritional problems in high-risk populations.

36.     WIC State agencies are required by law to have competitively-bid infant formula rebate contracts with infant formula manufacturers.

37.     This means WIC State agencies agree to provide one brand of infant formula and in return the manufacturer gives the State agency a rebate for each can of infant formula provided to WIC participants.

38.     The brand of infant formula provided by WIC varies by State agency depending on which company has the rebate contract in a particular State.

39.     USDA regulations required that WIC infant formula rebate procurements be conducted by the State without recourse to USDA.  7 C.F.R. §§ 246.16a, 246.24.  All aspects of such procurements, including decisions regarding awards, are handled at the State level because the resulting cost containment contract is between an infant formula manufacturer and the WIC State agency.

**C.     Virginia IFB No. VDH-16-707-0121**

40.     On February 8, 2016, VDH issued IFB No. VDH-16-707-0121 for competitive sealed bids to supply and provide a rebate on iron-fortified infant formula purchased for the Virginia Special Supplemental Nutrition Program for WIC through its retail food delivery system.

41.     The awarded contract was to be effective July 1, 2016 through June 30, 2019, with two one-year option periods.

42.     The IFB was to be competed and awarded in accordance with the laws of the Commonwealth of Virginia, including the VPPA, the Commonwealth of Virginia's Agency Procurement and Surplus Property Manual ("APSPM"), and the Commonwealth of Virginia's Vendors Manual.

43.     Bids were due March 18, 2016 at 1:00 p.m., EDT.

44.     Gerber submitted a responsive sealed bid before bids were due.

45.     The sealed bids were opened in public on March 18, 2016.

**D.     March 21-April 1, 2016: Notice of Intent to Award to Gerber**

46.     Based on documents produced by the VDH under FOIA, Gerber learned that on March 21, 2016, the VDH evaluation committee members determined Gerber was the lowest priced responsive and responsible vendor.  The evaluation committee signed a determination that Gerber received a passing rating and Gerber's bid was the "Lowest Total Net Cost per Month." Exhibit ("Ex.") 1.

47.     On March 22, 2016, VDH notified USDA that, based upon the bid worksheet results, "the infant formula rebate IFB award for the VA WIC program will go to Gerber Company."  USDA responded the same day "please feel free to move forward."  Ex. 1.

48.     On March 25, 2016, VDH issued a "Notice of Intent to Award" to Gerber signed by the Procurement Officer, David Jesse Huertas.  Ex. 2.

49.     The notice included the following information:

| | |
|---|---|
| Date: | March 24, 2016 |
| Commodity: | Infant Formula Rebate |
| In Response to Solicitation Number: | VDH-16-707-0121 |
| Issued Date: | March 25, 2016 |
| Contractor: | Gerber |

Records for this procurement are now available for inspection by any Bidder on this IFB.

Ex. 2.

50.     On April 1, 2016, the notice of intent to award to Gerber was publicly posted on the Virginia's eProcurement Portal, Virginia Business Opportunities ("eVA VBO").

51.     By email dated April 1, 2016 (1:05 p.m.), the Procurement Officer emailed Gerber that the notice of intent to award to Gerber had been posted.

**E.      April 4-5, 2016: Post-Bid Opening Abbott Protest and VDH Rescission of Intent to Award to Gerber and Decision to Cancel and Re-solicit**

52.      On April 4, 2016, Abbott filed a protest with Steven VonCanon, the VDH Office of Purchasing and General Services Director, challenging the decision of the VDH to issue an award to Gerber under IFB No. VDH-16-707-0121.  Abbott alleged that VDH's IFB evaluation used the wrong figures to calculate the low price.  According to Abbott, VDH did not use complete numbers on the IFB bid sheet, Appendix D.  Appendix D included the primary milk-based formulas only.  VDH provided additional data in Appendix E that included other milk-based and soy-based infant formula products.  Abbott claimed that it had the low price using Appendix E data and USDA regulations required the inclusion of the Appendix E data.  (In fact, Gerber is low if Appendix E was used.)

53.      On April 5, 2016, VDH prepared a draft letter to Abbott denying the Abbott protest.  The draft letter was signed by the VDH Procurement Officer, but not sent.

**F.      April 4-11, 2016: USDA Direction to VDH to Cancel and Re-solicit the IFB**

54.      Subsequent to VDH's internal decision to deny the Abbott protest, the USDA intervened and directed VDH to reverse course.  USDA asserted that, under its interpretation of its admittedly vague and unclear regulations, and apparently based on the Abbott misleading data provided with its protest, VDH needed to cancel and re-solicit.

55.      In an email dated April 6, 2016, produced to Gerber counsel by the USDA under FOIA, the VA WIC Director, Michael Welch, stated:  "I know I am beating a dead horse, but no one agrees with Headquarters.  There is no way 246.16c4i states ALL infants should be included.  Has any other state in our region recently released an IFB and what number did they use?"  Ex. 1.

56.      VDH personnel questioned whether the USDA statements were official USDA direction.  On April 7, 2016 (8:29 a.m.), Virginia WIC Program Director Michael Welch emailed

USDA personnel:  "I am thankful that Hayes can cut and past the regs.  However, the regs do not contain his last phrase- 'all other infants must be included.'  Again is this the official USDA interpretation or that of Hayes and Linda?  I do not see Sarah's agreement.  Has this been approved by any legal minds?  If it goes to court, will USDA provide legal counsel?"  Ex. 1.

57.     On April 8, 2016 (8:27 p.m.), USDA's Jaime Van Lieu responded to VDH's Mr. Welch, "It is my understanding that the Office of General Counsel (OGC), USDA's legal folks, typically reference preambles when there is vagueness in the regs.  Our research of the most recent IFB in our Region, PA WIC, shows that they did include all infants that receive formula (except exempt formulas), not just those receiving milk-based formula.  However, when looking at VA WIC's FY2011 IFB, it appears that you included just those infants receiving milk-based formula.  I apologize as this was likely an oversight on the part of FNS at that time and obviously was the basis for how VA WIC evaluated the bids this time."  Ex. 1.

58.     In an April 11, 2016 (9:10 a.m.) email to VDH Procurement Officer Huertas, VDH's Procurement Manager for the Office of Purchasing and General Services, Roxanne Ehardt, noted "Since USDA has stated regulations that we are required to include all numbers of participants, then we have no other alternative but to cancel the IFB and re-advertise with the new information."  Ex. 1.

59.     In an April 11, 2016 (11:39 a.m.) email response to Gerber, Procurement Officer Huertas responded that after VDH forwarded the IFB to the USDA for review, the USDA determined that the IFB had to be re-solicited due to "missing data," stating:

> The Virginia Department [of] Health; WIC Program followed [sic]
> the entire IFB VDH-16-707-0121 to USDA; WIC program
> manager for review and their findings is that we repost the IFB due
> to missing data.

Ex. 1.

**G.      April 11, 2016: Notice of Cancellation of Intent to Award**

60.      On April 11, 2016, VDH posted its notice of cancellation of the intent to award to

Gerber on the eVA VBO, stating:

> *In accordance with USDA findings*; due to the noncompliance
> with Federal regulations pertaining to infant formula IFB rebate
> process the intent to award previously published on eVA has been
> rescinded and will be resolicited.

Ex. 3 (emphasis added).

**H.      April 12-13, 2016: Notice of Protest and Cease and Desist; FOIA Requests
         Submitted to USDA and VDH**

61.      By letter dated April 12, 2016, Gerber notified VDH, through the Procurement

Officer, of its intent to protest the agency's rescission of the notice of intent to award, the

cancellation of the IFB with an intent to re-solicit and the intent to issue an extension to Abbott

under the incumbent contract.  In its letter, Gerber stated:

> … we understand that the agency is taking action to resolicit and
> issue an extension to the incumbent contract held by Gerber's
> competitor, Abbott.  Such actions appear contrary to Virginia and
> federal law and relevant government contracting principles.
>
> Gerber intends to vigorously pursue its rights by filing a bid protest
> and to seek immediate access to public records under the Virginia
> Public Record Act and the federal Freedom of Information Act.
> We intend to seek information regarding the role of the United
> States Department of Agriculture ("USDA") and any Abbott
> personnel in the agency decision making process.  To the extent
> the agency's actions were directed by the USDA, we reserve the
> right to pursue relief in the appropriate United States District Court
> under the laws of the United States.
>
> To preserve Gerber's remedies under the law and maintain the
> status quo, we respectfully request that the Commonwealth
> immediately cease all efforts to resolicit the requirements and all
> efforts to extend the contract held by the incumbent contractor
> Abbott, and retain all records relating to this procurement.  The
> Commonwealth has a duty to mitigate damages to preserve the
> status quo pending resolution of these matters.

Ex. 4.  Through outside counsel, Gerber provided a copy of the submission to USDA's Audrey Rowe and Kevin Concannon, both named as Defendants in their official capacity here, and to Gena Kochan, USDA Senior Counsel, International Affairs, Food Assistance and Farm and Rural Programs Division.

62.     By letter dated April 13, 2016, Gerber submitted a Virginia FOIA request pursuant to Va. Code § 2.2-3700 et seq. and § 2.2.4342.  Gerber requested documents related to communications with the USDA, communications with Gerber competitors and documents regarding VDH's actions in conducting the procurement.  On April 22, 2016, Gerber submitted a similar FOIA request to USDA pursuant to 5 U.S.C. § 552.

I.      **April 20-27, 2016: Gerber Protest to VDH and Correspondence with the USDA**

63.     On April 20, 2016, Gerber filed a bid protest with the VDH challenging Procurement Officer Huertas' decision to rescind the intent to award to Gerber and re-solicit the IFB.  Ex. 5.  Through its outside counsel, Gerber sent a copy of its protest to VDH to Audrey Rowe, Kevin Concannon and Gena Kochan of the USDA.

64.     Gerber protested the agency's (a) failure to move forward with its notice of intent to award to Gerber as the low price, responsive and responsible bidder under the terms of the IFB; (b) cancellation of the solicitation; (c) stated intent to reissue the solicitation notwithstanding disclosure of Gerber's low price; and (d) acquiescence in improperly permitting the federal government to usurp VDH's required role in conducting the procurement given federal regulations mandating that procurement decisions be made by the VDH, not the federal government.

65.     Gerber requested VDH maintain the status quo by ceasing and desisting all efforts to re-solicit the requirements pending resolution of this matter.

66.     In its protest, Gerber reserved its right to pursue relief in United States District

Court from USDA's improper actions in usurping the role of VDH and otherwise interfering with

VDH's conduct of the procurement.  Gerber specifically stated that its state-level protest in

Virginia was not a waiver of Gerber's rights under federal law or an election of remedies.  Ex. 5.

67.     Gerber's protest also alleged that Virginia had improperly allowed the USDA to

usurp the Commonwealth's role in administering the procurement, arguing:

> USDA regulations make clear that state WIC procurements under
> 7 C.F.R. § 246.16 are to be conducted solely by the state agency,
> not USDA.  Any issues concerning the conduct of a procurement
> are to be resolved between the bidder and the State, not USDA.
> USDA usurped the role of the [VDH] procurement officer here and
> improperly intervened in the [VDH] procurement contrary to
> USDA's own regulations.  Gerber reserves all rights to pursue a
> federal court action against USDA as developments warrant and as
> the record is made available to Gerber.
>
> Under the USDA FNS regulations, the state agencies are supposed
> to be the responsible authority, "without recourse to FNS
> "regarding contractual and administrative issues arising out of
> procurements entered into in connection with the WIC
> procurement."  7 C.F.R. § 246.24.  As a result, USDA FNS lacks
> authority to direct or interfere with a Commonwealth IFB for WIC
> infant formula.
>
> Yet, the information available to Gerber indicates that the USDA
> FNS directed FHS to cancel the IFB and re-solicit based on USDA
> FNS' post hoc review of the IFB and determination of allegedly
> missing data.  This contradicts USDA's earlier review that we
> understand raised no objection to the Commonwealth IFB.
>
> In any event, the USDA's direction of the procurement is directly
> in contravention of the USDA's regulations and therefore contrary
> to law and subject to review in federal court.

Ex. 5.

68.     In its April 20, 2016 Virginia protest, Gerber noted that it was filing its protest

pursuant to Va. Code § 2.2-4360, but was reserving its right to purse remedies in federal Court

against VDH and USDA. Gerber further noted that it had outstanding FOIA requests and that it

was investigating USDA's role.  Gerber noted that its filing of the Commonwealth-level protest

was not a waiver of Gerber's rights under federal law or an election of remedies especially given

that Gerber does not yet have the full facts regarding USDA's involvement.  Ex. 5.

69.     On April 20, 2016, through its outside counsel, Gerber also sent a letter to Audrey

Rowe and Kevin Concannon that stated in part:

> We respectfully request that the USDA advise all States or Regions
> conducting Women, Infants, and Children ("WIC") rebate
> procurements stay such procurement actions given the substantial
> uncertainty arising from Virginia WIC ("VA WIC") action that is
> the subject of the Gerber protest.
>
> Until the serious issue raised in the Virginia protest are resolved,
> bidders may have to submit pre-bid or pre-proposal protests
> against all pending and new WIC procurements nationwide.
>
> ***
>
> We have asked the Commonwealth to give heightened scrutiny to
> FHS' actions in cancelling the IFB after disclosure of Gerber's low
> price. The integrity of the procurement process is impaired when
> bidders are given a second chance to bid on a requirement where
> the low bid has been publically disclosed.  The competition and
> anti-trust rules were enacted to ensure that bidders on a public
> procurement can compete without fear that their bids will be
> disclosed to competitors before bids are publicly opened and to
> ensure the award process is competitive and free from abuse.  The
> anti-competitive nature of such action cannot be countenanced in a
> public procurement system committed to fair and honest
> competitive procurements.
>
> In response to the IFB, Gerber submitted a responsive and timely
> bid that fully met all solicitation requirements.  As part of the
> procurement process, the bid price of Gerber and the other
> competitors were publicly disclosed.  After issuing a notice of
> intent to award to Gerber, however, the FHS informed Gerber that
> the United States Department of Agriculture ("USDA") determined
> there was "missing data" in the IFB and that the IFB would have to
> be canceled and resolicited.
>
> There was no material "missing data," however.  The solicitation
> provided more information than is typically provided to bidders for
> WIC infant formula rebate contracts in other states. The IFB

provided nine months of detailed data for nearly all of the routine infant formula products covered by this bid; nine months of data on infants fully breastfed, partially breastfed, and fully formula fed; and six months of data on infants who received exempt formulas (including a routine formula misclassified as exempt). In addition to this information, the IFB included copies of the most recent eight months of invoices submitted by the incumbent. This data far exceeds the USDA's minimum six-month data requirement and is greater than other WIC solicitations issued on behalf of other WIC State agencies. Moreover, Gerber understands that, following normal practice, the USDA reviewed the FHS solicitation and did not raise objections about missing data prior to its release.

Ex. 6.

70.     On April 27, 2016, the USDA responded in pertinent part:

As you know, WIC infant formula rebate procurements must comply with federal WIC regulations found at 7 C.F.R. 246.16a. However all aspects of such procurements, including decisions regarding awards, are handled at the State level because the resultant cost containment contract is between an infant formula manufacturer and the WIC state agency. Therefore, I respectfully request that any questions regarding Gerber's bid protest be directed to the Virginia Department of Health.

Ex. 7.

**J.     April 29, 2016:  Virginia FOIA Production**

71.     On April 29, 2016 in VDH's response to Gerber's FOIA request, VDH produced documents that show VDH rescinded the notice of intent to award to Gerber and canceled the procurement based on direction from USDA after VDH had already concluded that its procurement met WIC program requirements. USDA's direction was contrary to USDA's own regulations. 7 C.F.R. § 246.24(b). See Ex. 1 (including the FOIA documents relevant to the Complaint).

72.     As part of VDH's FOIA production, Gerber received a copy of Abbott's April 4, 2016 protest. The protest included pdf attachments of excel spreadsheets that Abbott claimed

20

showed that it would have been the low bidder had the correct information been provided on the bid sheet.  VDH provided the spreadsheets to Gerber on May 3, 2016.  Based on Abbott's documentation, VDH requested a review by USDA of the data Abbott alleged was missing, as shown in its spreadsheets.  Based on this information, the USDA directed VDH to rescind the intent to award to Gerber and to ultimately re-solicit the IFB.

73.     The FOIA documents, however, show that USDA and VDH did not perform any independent analysis of Abbott's data.  It appears the Abbott native excel spreadsheets were never provided to VDH.  The USDA and VDH determinations were based on fundamentally flawed and misleading information provided by Abbott.  If the agency had taken the time to analyze the data submitted, it would have come to a completely different result.  Instead, the record shows that no analysis of the data was conducted.

**K.     May 2, 2016: Contracting Officer Final Decision**

74.     On May 2, 2016, VDH issued a letter denying Gerber's protest.  Ex. 8.  VDH contended that Gerber's April 20, 2016 protest letter was not a "protest" because Gerber had not challenged an "award."

75.     VDH adopted an unduly narrow and unreasonable interpretation of "protest" under the Virginia code.  The Gerber April 20, 2016 filing was a "protest" under the VPPA.  The requirement for a written determination in Va. Code § 2.2-4319 coupled with Va. Code § 2.2-4364C provides the basis for judicial review.  See Va. Code §§ 2.2-4319, 2.2-4364C.  The reasons for cancellation would not need to be part of a contract file if it was not subject to any review.

76.     VDH further claimed that cancellation was proper because it was necessary to fix an alleged error it learned from Abbott that showed Gerber was purportedly not the low bidder.

VDH asserted that it canceled "after receiving a protest and having a discussion with the source of our finding."

77.     VDH's decision on Gerber's protest was arbitrary and improperly based on material mistakes of fact and law.  Gerber was the low bidder if VDH used the federally-mandated method for determining the low price.

78.     VDH's May 2, 2016 decision further failed to address the entirety of Gerber's protest and arbitrarily denied Gerber's substantive allegations.

79.     VDH failed to acknowledge the fact that its decision to cancel and re-solicit the IFB causes Gerber an irreparable injury because it is forced to re-compete with the same bidders who have now had an opportunity to match Gerber's winning bid.

80.     The VDH decision did not address Gerber's protest that USDA arbitrarily and improperly directed VDH to cancel the IFB.

**L.     May 5, 2016:  Gerber Submits Spreadsheets to VDH Showing It Remains the Low Bidder Even with the Alleged "Missing Data"**

81.     On May 5, 2016, Gerber sent the Virginia Defendants a letter and accompanying spreadsheets that demonstrated that Abbott's protest and attached pdf spreadsheets were misleading by using improperly manipulated data.  Gerber attached spreadsheets to this letter that demonstrated that even if the alleged missing data was included on the bid sheet, Gerber would remain the low bidder.  Ex. 9.

82.     Through its outside counsel, Gerber sent a copy of these spreadsheets to Audrey Rowe, Kevin Concannon and Gena Kochan of the USDA.

**M.     May 9, 2016: Gerber Supplemental Protest**

83.     On May 9, 2016, Gerber filed a supplemental protest with VDH in accordance with Va. Code §§ 2.2-4342 and 2.2-4364C.  Ex. 10 (with attachments).  The supplemental

protest was based on new information learned by Gerber through VDH FOIA productions on

April 29 and May 3, 2016.  Gerber reserved the right to file an amended complaint if VDH does

not sustain Gerber's May 9, 2016 supplemental protest or does not otherwise take corrective

action addressing Gerber's protest.  Through its outside counsel, Gerber sent a copy of its

supplemental VDH protest to Audrey Rowe, Kevin Concannon and Gena Kochan of the USDA.

84.     Gerber's protest observed that documents produced by VDH under FOIA

provided evidence that the cancellation was directed by USDA for the purpose of excluding

Gerber contrary to the applicable regulation.

85.     Gerber again reserved its right to pursue relief in United States District Court

from USDA's improper actions in usurping the role of VDH and otherwise interfering with

VDH's conduct of the procurement.  Gerber specifically stated that its state-level protest in

Virginia was not a waiver of Gerber's rights under federal law or an election of remedies

86.     Gerber's supplemental protest complained that the Defendants' actions were based

on misleading material provided by Gerber's competitor Abbott in its April 4, 2016 protest to

VDH.   Attached to Abbott's protest were spreadsheets that purported to show that the Virginia

IFB did not contain all of the relevant data.

87.     Abbott further claimed that the spreadsheets attached to its April 4, 2016 protest

showed that Abbott would have been the low bidder had the different information been provided

on the bid sheet.  The pdf of the spreadsheets were provided by VDH to Gerber on May 3, 2016.

VDH confirmed on May 4, 2016, that it did not have the Abbott spreadsheets in native format,

but only as pdf files.  Based on Abbott's documentation, VDH requested a review by USDA of

the data Abbott alleged was missing.  In response to Abbott's misleading data, the USDA appears

to have subsequently directed VDH to rescind the intent to award to Gerber and to ultimately re-

solicit the IFB.

88.     Gerber's supplemental protest provided copies of spreadsheets showing that even using the method apparently now mandated by USDA, incorporating the detailed data provided by Virginia WIC as part of the bid solicitation, and adding the missing data USDA claimed should have been included, Gerber would still remain the lowest bidder.

89.     The VDH FOIA documents show that USDA and VDH did not perform any independent analysis of Abbott's data.  The USDA and VDH determinations were based on arbitrary acceptance of fundamentally flawed and misleading information provided by Abbott.

90.     If the agency had properly analyzed the data submitted, it would have discovered that Abbott provided misleading information to VDH.  The table provided by Abbott used a methodology that deviates from the federally-mandated method.  Abbott manipulated the data by incorrectly selecting a set of data that provides them an advantage not permitted under the federal rules.  As shown in the spreadsheets Gerber attached to its May 9, 2016 supplemental protest, using the federally-mandated method with the detailed data provided by Virginia WIC, and adding the missing data USDA claimed should have been included, Gerber would still remain the lowest bidder.  A re-solicitation of the IFB will effectively reward Abbott for the misleading actions it has taken.  (Gerber also remains low under the new IFB quantities.  Aff., ¶ 49 and Exhibit 1.)

91.     Any reasonable analysis of the data submitted by Abbott would have shown that as presented, Abbott provided misleading information.  But for the VDH and USDA erroneous reliance on the flawed Abbott spreadsheets, the agency would have proceeded with award to Gerber.  As a result, the material prejudice to Gerber could not be greater.  Any re-bid now will only further violate the WIC procurement regulations, especially here where Gerber's price has been revealed to its competitors.  Ex. 10 at 3-7.

**M.      June 10, 2016:  Contracting Officer Final Decision Denying Gerber Supplemental Protest**

92.      On June 10, 2016, VDH issued a letter denying Gerber's supplemental protest. VDH stated that its May 2, 2016 reply to Gerber's initial protest applies also to Gerber's May 9, 2016 supplemental protest.  Ex. 11.

93.      VDH again adopted an unduly narrow and unreasonable interpretation of "protest" under the Virginia code.

94.      VDH stated that it did not view Gerber's May 9, 2016 letter as a "protest" under the VPPA and, accordingly, Gerber should not view VDH's June 10, 2016 as a denial although VDH expressly stated it declined Gerber's request in its May 9, 2016 letter.

95.      The May 9, 2016 Gerber letter was a protest under the VPPA.

96.      VDH's decision on Gerber's supplemental protest was arbitrary and improperly based on material mistakes of fact and law.  Gerber remains the low bidder if VDH uses the federally-mandated method for determining the low price.

97.      VDH's June 10, 2016 decision further failed to address the entirety of Gerber's protest and arbitrarily denied Gerber's substantive allegations.

98.      VDH failed to acknowledge the fact that its decision to cancel and re-solicit the IFB causes Gerber an irreparable injury because it is forced to re-compete with the same bidders who have now had an opportunity to match Gerber's winning bid.

99.      VDH did not address Gerber's substantive, supplemental protest grounds or the additional evidence submitted by Gerber demonstrating that the agency's actions were arbitrary and erroneous.

100.      If VDH had properly considered the Gerber supplemental protest and attached spreadsheets, VDH would have sustained the protest and reversed its prior improper decisions.

**N.  June-August 2016:  VDH Re-Solicitation & Virginia Circuit Court Decision Sustaining VDH Demurrer**

101.    On June 30, 2016, the Honorable W. Reilly Marchant held a hearing regarding VDH's Demurrer to Gerber's Complaint filed in Richmond Circuit Court

102.    On July 7, 2016, Judge Marchant entered an Order sustaining VDH's Demurrer; however, Judge Marchant's law clerk forgot to mail his Order to counsel of record until Thursday August 11, 2016.

103.    Gerber and Counsel for VDH did not receive Judge Marchant's July 7, 2016 Order sustaining VDH's Demurrer until August 15, 2016.  The delay was apparently caused by the Court's failure to timely enter or serve the decision.

104.    VDH re-solicited the IFB on August 1, 2016 with bids due 1:00 pm, EDT, August 31, 2016.

105.    On August 9 and 16, 2016, Gerber requested that VDH stay the bid due date pending judicial review.

**O.  Gerber Will Suffer Irreparable Harm Absent Injunctive Relief and Mandamus**

106.    Gerber is materially prejudiced by the agency's actions Gerber would have received the award but for the improper rescinding of the VDH's notice of intent to award to Gerber after bid opening and rejection of all bids and cancellation.  Any re-solicitation will cause irreparable harm to Gerber since Gerber will be deprived of its lawful contract.

107.    The prejudice to Gerber is substantially heightened because Gerber's bid price has already been disclosed to its competitors and any new competition would be unfair, inequitable and contrary to law.  The only appropriate remedy is reinstatement of the IFB and intent to award to Gerber.

108.     Cancellation under the circumstances here directly conflicts with the Virginia procuring statutes and regulations and will materially prejudice Gerber over any other bidder. By rescinding the Intent to Award to Gerber, all manufacturer's bids have become public knowledge and the fact that Gerber's low price has been released will competitively harm Gerber during any rebid.

109.     Cancellation and re-solicitation is reserved for instances in which there has been some material error in the procurement process, not the type of de minimis error alleged here.  A re-solicitation of this nature gives those bidders who lost a second bite at the apple to the competitive disadvantage of Gerber, contrary to Virginia law.

### COUNT I
### (USDA VIOLATION OF USDA REGULATIONS)

110.     Gerber repeats and realleges paragraphs 1 through 109 as if fully set forth herein.

111.     An agency abuses its discretion when it fails to follow its own regulations and procedures.  Courts have authority to review matters entrusted to an agency's discretion where the agency is accused of violating its own regulations.

112.     USDA regulations make clear that State WIC procurements under 7 C.F.R. §§ 246.16 and 246.24 are to be conducted solely by the State agency, not USDA.  Any issues concerning the conduct of a procurement are to be resolved between the bidder and the State, not USDA.

113.     USDA usurped the role of the VDH procurement officer here and improperly directed cancellation contrary to USDA's own regulations.  Under the USDA regulations, the state agencies are supposed to be the responsible authority, "without recourse to FNS "regarding contractual and administrative issues arising out of procurements entered into in connection with

the WIC procurement."  7 C.F.R. § 246.24.  As a result, USDA FNS lacks authority to direct or interfere with a Commonwealth IFB for WIC infant formula.

114.    VDH documents produced in response to a FOIA request show that the USDA directed VDH and Virginia Defendants to cancel the IFB and re-solicit based on USDA' post hoc review of the IFB and Gerber competitor Abbott's post-award protest.

115.    The USDA's post-award review contradicts UDSA's earlier review that raised no objections to the VDH regarding the data included on the Bid Sheet.

116.    The USDA's direction of the Virginia State WIC procurement is directly in contravention of the USDA's regulations.

117.    Cancellation and re-solicitation is reserved for instances where there has been some material error in the procurement process.

118.    Here, because Gerber's low price has been revealed to its competitors, cancellation and re-solicitation improperly gives those bidders who lost, a second chance to win the procurement, to the competitive disadvantage of Gerber.

**COUNT II**
**(VIRGINIA VIOLATION OF USDA REGULATION**
**BY FOLLOWING USDA DIRECTION)**

119.    Gerber repeats and realleges paragraphs 1 through 118 as if fully set forth herein.

120.    The USDA FNS regulations explicitly direct that State agencies are the responsible authority, "without recourse to FNS, regarding contractual and administrative issues arising out of procurements entered into in connection with the [WIC] Program."  7 C.F.R. § 246.24(b).

121.    VDH and the Virginia Defendants violated this USDA regulation when they followed USDA direction to cancel the solicitation and re-solicit based on unexplained "missing data."

122.     VDH and the Virginia Defendants had complied with the WIC program regulations by providing more than six months of data and breaking out the data in a more detailed manner than is typically provided by WIC State agencies.

123.     VDH and the Virginia Defendants did not conduct any independent review of the data Abbott submitted in its post-award protest and instead, improperly relied on USDA direction, in violation of the federal WIC Program regulations.

### COUNT III
### (USDA VIOLATION OF DUTY TO TREAT SIMILAR SITUATIONS THE SAME UNDER THE APA)

124.     Gerber repeats and realleges paragraphs 1 through 123 as if fully set forth herein.

125.     In its April 20 protest and April 20 request to USDA for a stay of all WIC procurements, Gerber pointed out that the USDA's actions in Virginia were at odds with the actions of the USDA and other States in conducting other State WIC procurements.

126.     The actions of USDA, VDH and the Virginia Defendants gives rise to substantial inconsistencies and reflects arbitrary and disparate treatment.

127.     The actions of USDA and VDH and the Virginia Defendants are arbitrary and contrary to law.

128.     The USDA has directed VDH and the Virginia Defendants to re-solicit the IFB with "missing data" added to it, but it did not require other state WIC Programs to do the same.

129.     Typically, there is some variability between the number of infants included on the bid sheet and other reports of infants in the bid package. For example, Gerber has identified inconsistencies in other States such as Illinois, Pennsylvania, New Jersey and Colorado.

130.     The USDA may not treat the Virginia and any other State WIC Programs differently, by requiring one program to include certain data in one solicitation while not requiring other programs to include the exact same type of data.

131.    A long line of precedent has established that an agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently. That is the case here.

## COUNT IV
## (VIRGINIA VIOLATION OF USDA DATA REQUIREMENT RULES)

132.    Gerber repeats and realleges paragraphs 1 through 131 as if fully set forth herein.

133.    VDH's and Virginia Defendants' position regarding missing data is based on confusion regarding the relevant USDA regulations.

134.    Virginia Defendants rely on 7 C.F.R. §§ 246.16a(c)(6) and 16a(c)(5)(i). Section 246.16a(c)(6) states:

> What data must be provided to bidders? The State agency must provide as part of the bid solicitation the participation and infant formula usage data and the standardized number of ounces by physical form of infant formula to be used in evaluating bids as described in paragraph (c)(4) of this section. The State agency must notify bidders that the participation and infant formula usage data does not necessarily reflect the actual issuance and redemption that will occur under the contract.

135.    This section requires that participation and infant formula usage data must be provided as part of the bid solicitation.

136.    VDH complied with this requirement, providing bidders with extensive usage data.

137.    To the extent the VDH IFB No. VDH-16-707-0121 solicitation or evaluation neglected to include all data, any confusion or error was de minimis, non-material and provides no rational basis for cancellation. Any reasonable evaluation under the USDA regulations results in Gerber as the low price.

## COUNT V
## (INJUNCTIVE RELIEF)

138.    Gerber repeats and realleges paragraphs 1 through 137 as if fully set forth herein.

139.    Injunctive relief is appropriate if it enjoins the illegal action and returns the contract award process to the status quo ante.

140.    This Court may issue a temporary restraining order pursuant to Rule 65(a) if the Plaintiff demonstrates that furtherance of the solicitation will cause the Plaintiff substantial and irreparable injury; that the Plaintiff does not have an adequate remedy at law; that the Defendants and other interested parties will not be harmed by the issuance of a preliminary injunction; that the preliminary injunction will further the public interest; and that the Plaintiff is likely to succeed on the merits of this action and obtain the permanent relief requested in the Complaint, all of which are more fully set forth in the Complaint and accompanying exhibits, and the supporting motion for temporary restraining order and accompanying memorandum and affidavit.

141.    As all of these terms are met by the circumstances described above in this Complaint, it is proper for this Court to issue a temporary restraining order.

142.    A court may issue a temporary restraining order when a movant files a Complaint showing it will otherwise suffer "immediate and irreparable injury, loss, or damage…." Fed. R. Civ. P. 65(b).

143.    Gerber is materially prejudiced by the agency's actions, such that it will suffer immediate irreparable harm.

144.    Gerber would have received the award but for the improper rescinding of the VDH's notice of intent to award to Gerber after bid opening and rejection of all bids and cancellation.

145.     Any re-solicitation will cause irreparable harm to Gerber since Gerber will be deprived of its lawful contract.

146.     The prejudice to Gerber is substantially heightened because Gerber's bid price has already been disclosed to its competitors and any new competition would be unfair, inequitable and contrary to law in light of this.

147.     No third party will suffer material harm as compared to the harm to Gerber.  The alleged "missing data" issue should have been well known to Gerber competitors Abbott and Mead Johnson Nutrition and VDH long before the bid due date.  If any bidder was aware of the issue, they were required to raise the issue before the bid opening date, not once they learned they did not prevail.  The VDH's approach here encourages bidders to keep quiet about potential solicitation errors until after they discover whether they are the winning bidder.

148.     This sets an unfair and arbitrary precedent that should not be countenanced and, at its very essence, undermines the public procurement/bidding process.

149.     Accordingly, the court's issuance of a temporary restraining order is warranted.

150.     Gerber further seeks preliminary and permanent injunctions, barring the USDA from directing the VDH to rescind its cancellation of the intent to award to Gerber and to cancel its notice of intent to re-solicit the IFB.  Gerber meets the test for injunctive relief.

## COUNT VI
### (DECLARATORY JUDGMENT)

151.     Gerber repeats and realleges paragraphs 1 through 150 as if fully set forth herein.

152.     Under the USDA FNS regulations, State agencies are the responsible authority, "without recourse to FNS, regarding contractual and administrative issues arising out of procurements entered into in connection with the [WIC] Program."  7 C.F.R. § 246.24(b).

153.    USDA directed VDH to cancel the IFB and re-solicit based on USDA determinations, contrary to the USDA regulations.

154.    Accordingly, a declaratory judgment from this court is appropriate, ordering such action is directly in contravention of the USDA's regulations, and therefore contrary to law.

## COUNT VII
### (MANDAMUS)

155.    Gerber repeats and realleges paragraphs 1 through 154 as if fully set forth herein.

156.    Under the Mandamus Act, 28 U.S.C. § 1361, federal district courts are granted the power to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

157.    When the USDA FNS directed VDH to cancel the IFB and re-solicit based on USDA FNS determinations, it violated 7 C.F.R. § 246.24(b) which states that VDH is "without recourse to FNS, regarding contractual and administrative issues arising out of procurements entered into in connection with the [WIC] Program."

158.    Therefore, under the Mandamus Act, this court has the authority to direct the USDA FNS to cease its efforts directing the VDH and Virginia Defendants to cancel the IFB and re-solicit based on a wrongful USDA FNS determination that data was missing from the Virginia IFB.

159.    Further, the court may direct the USDA FNS to allow the VDH and Virginia Defendants to reinstate Gerber and award its contract under the IFB.

## PRAYER FOR RELIEF

WHEREFORE, Gerber respectfully requests this Court to grant the following relief:

A.    Grant a temporary restraining order and preliminary injunction to Plaintiff against Defendants requiring Defendants to suspend, stay or extend the bid due date

under Virginia IFB VDH-17-707-0019 and cease procurement efforts under that IFB pending the resolution of this action on the merits

B.   Grant a temporary restraining order and preliminary injunction to Plaintiff against Defendants requiring Defendants to maintain the status quo including withholding direction on required data to be included in State WIC solicitations;

C.   Grant a permanent injunction ordering Defendants as follows:  (1) rescind the cancellation of Virginia IFB No. VDH-16-707-0121; (2) award Gerber the Virginia contract under Virginia IFB No. VDH-16-707-0121; (3) withdraw Virginia IFB No. VDH-17-707-0019 and cease procurement efforts under that IFB; (4) require USDA to cease providing inconsistent or disparate direction or advice regarding data requirements for WIC infant formula procurements.

D.   Enter judgment for Plaintiff against Defendants on this Complaint;

E.   Declare, pursuant to 28 U.S.C. § 2201(a), that Defendants have violated 7 C.F.R. §§ 246.16 and 246.24;

F.   Declare, pursuant to 28 U.S.C. § 2201(a), that Defendants have violated 28 U.S.C. §§ 701-706;

G.   Order Defendant USDA to cease providing improper and inconsistent direction to State WIC agencies regarding data required to be in State WIC solicitations for infant formula rebate procurements;

H.   Order Defendant USDA to rescind all direction regarding data to be required in State WIC solicitations as provided to Virginia regarding IFB No. VDH-16-707-0121;

I.   Order Virginia Defendants to rescind its cancelation of IFB No. VDH-16-707-0121;

J.      Order Virginia Defendants to reinstate its Notice of Intent to Award to Gerber;

K.      Order Virginia Defendants to withdraw IFB No. VDH-17-707-0019 and cease all procurement efforts under that IFB;

L.      Award Plaintiff the costs and expenses of their suit here incurred;

M.      Award Plaintiff their attorneys' fees pursuant to 28 U.S.C. § 2412 and/or any appropriate source; and

N.      Order such other further legal and equivocal relief as this Court may deem just and proper.

Respectfully submitted,

Date:  August 19, 2016        By:   <ins>/s/ Jonathan D. Shaffer</ins>
                            Jonathan D. Shaffer (D.C. Bar No. 424614)
                            Edmund M. Amorosi (D.C. Bar No. 482765)
                            SMITH PACHTER MCWHORTER PLC
                            8000 Towers Crescent Drive, Suite 900
                            Tysons Corner, Virginia 22182
                            Tel.: (703) 847-6280
                            Fax: (703) 847-6312
                            Email:  jshaffer@smithpachter.com
                            *Counsel for Gerber Products Company*
                            *d/b/a/ Nestlé Infant Nutrition*